## SMITH v. SMITH et.

Common Pleas Court, Fulton County.

No. 12780.  Decided September 12, 1949.

Cline & Schroeder, Toledo, Johnson & Williamson, Wauseon, for plaintiff.

J. M. & C. M. Ham, Wauseon, for demurrant.

### OPINION

By HAM, J.

The plaintiff brings this action against John W. Smith, the father, and Ray L. Smith, his son, to recover for injuries sustained in a collision of plaintiff's automobile with the automobile of the defendant, John W. Smith, which was then driven by his son.  All the parties were and now are citizens and residents of Ohio, but the collision occurred at an intersection of highways in the State of Michigan.  So far as the petition discloses, the defendant, John W. Smith, at the time of the collision, was at home, in Ohio.

The petition charges the defendant Ray L. Smith with failing to yield the right of way at this intersection, and with other acts of negligence.

As to John W. Smith, the petition alleges two grounds for recovery, (a) that he was the owner of the automobile, and

(b) that the father negligently consented to the use of the automobile by his son, had knowledge of, and permitted such use, knowing that the son was an incompetent and reckless driver.

Defendant John W. Smith demurs to the petition.

That an action will lie in Ohio against one who commits a tort in Michigan is no longer debatable; nor that the law lex loci delicti governs in determining whether a legal liability exists; as accepted law also is the rule that the law of the forum controls in matters procedural.

The statute of Michigan provides, 9: 1446, Sec. 29:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle * * *. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge. It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by his or her father, mother, brother, sister, son, daughter, **or other immediate member of the family.**" (Emphasis ours.)

A non-resident of a state who is guilty of actionable negligence, while driving upon the highways of that state, which results in injury to another must submit to the jurisdiction of the courts of that state. That rule of law finds such a unanimity of support from the decisions of the courts as to deny debate thereon.

That rule is not confined to cases where the owner of an automobile is driving his own automobile at the time; but it extends to embrace cases where the owner is not present but his automobile is being driven by his agent or servant, acting, of course, within the scope of his employment.

That rule in Ohio is given effectiveness by §6308-1 GC which permits service of process upon the non-resident in his home state. Thus a non-resident who accepts the privilege of using our highways is compelled to accept and abide by the traffic laws regulating the use of such highways, and to respond in our courts for injuries arising from his negligent operation of an automobile on such highways.

In the case of **Pray v. Meier, 69 Oh Ap 14, 23 O. O. 572,** the court held that the traffic laws of Ohio applied not only to "the owner whose vehicle is being operated at his command by his agent" but also to a non-resident who is having another's vehicle operated for the non-resident's purposes in Ohio.

In that case, it seems to us, was proclaimed a principle of law that is very much like that present in and applicable to the instant case.

In that case the court recognized that the act of the agent was the act of the principal; that the agent was the alter ego of the principal.

We have never heard of an inanimate alter ego, but we believe the principle applied in the case cited is applicable here. What moots it whether that which was sent into a foreign state was a living creature or an inanimate object?

An examination of the decision in the case of Masci v. Young, 109 N. J., L., 453, 83 A. L. R. 869 will disclose a case that factually is on all fours with those in the case at bar.

We will content ourselves with quoting the first syllabus of that case:

"Liability imposed by the law of the state in which an automobile accident occurred, on the owner of the car, for the negligence of one driving it with his permission, will be enforced by the courts of another state, even though such owner is a resident of the state of the forum and the lending of the automobile took place there."

We also quote the second syllabus of the case of Heavilin v. Wendell (Iowa) 241 N. W. 654, 83 A. L. R., 872:

"The burden of establishing the fact that an automobile involved in an accident was being driven with the consent of the owner is on a plaintiff so alleging."

See also Anno. pp. 878 et seq., 83 A. L. R. Text at Page 492, Volume 11, American Jurisprudence.

While we hold that the demurrant must respond for the negligence of his son in the operation of the demurrant's automobile, we recognize a condition to the rule just discussed, i. e., in order to compel the owner to respond for the driver's negligence, the plaintiff must plead, and at the trial, prove that the defendant John W. Smith's automobile was being driven at the time on the highways of Michigan by his son with the owner's knowledge or consent that it was being driven **on Michigan highways.**

Nor do we believe that the statute of Michigan heretofore quoted aids the plaintiff in establishing such a consent. That, because, first, we think the presumption created by the Michigan statute is clearly limited in that it applies only to

one who is a member of "the family". There is no averment in the petition that any such family relationship existed between the defendants at the time; secondly: a more debatable and involved question is present; i. e., Could any such presumption prevail against the demurrant even though we assume that such a family relationship exists?

Surely, if the father had not given his consent, nor had such knowledge, he would not be subject to any provision of a statute wherein such a consent is a necessary and controlling factor. Of course this discussion is disconnected from what conclusions might be arrived at on the 'reckless, incompetent driver' phase to be discussed later herein.

In brief, only if and until by pleading and proof either that such a consent **to drive in Michigan** was given or knowledge thereof had by the father in Ohio, can the statute apply. Can the proof of such a consent in Ohio create and make operative in Michigan the resultant offspring of that consent, i. e., the subjection of the owner to the effectiveness of this presumption. Surely, the offspring cannot be the creator of its own progenitor.

Webster recognizes the similarity between a condition as applied in the law of contracts, wills etc, and that in the science of logic, when, in defining "condition", he says, "a proposition either necessary or sufficient for the support of another."

So here, we have a condition which must necessarily exist (akin to a condition precedent in contracts etc.), that is, the giving of a consent to another by an owner in Ohio to use his automobile in Michigan, before another, a secondary condition resultant from or supported by the first (i. e., the legal conclusion that such consent was given), can exist.

Most assuredly the priority of the two conditions cannot be reversed, and the legal conclusion arise and be operative to produce the supporting first before the existence of the first is established. No more can such an anomaly exist in law or logic, than could the child be the predecessor of the parent. It follows as of course that the proviso as to presumption is inoperative without the State of Michigan.

The court holds that the plaintiff must allege, and must prove at the trial, that such knowledge was had or such consent was given and do so unsupported by the presumption in this statute of Michigan.

So, plaintiff having failed to plead that the demurrant (owner) consented to or had knowledge of the use of his automobile **in the State of Michigan,** and the Michigan statu-

tory provision as to the presumption being inoperative, the court concludes that on that ground (that plaintiff as the owner of this automobile is liable for his son's negligence), the petition fails to state a good case against the demurrant.

As to the other ground of recovery, i. e., that the demurrant negligently gave permission and consented that his co-defendant (son) drive his (the demurrant's) automobile, knowing that the son was a reckless, incompetent driver, it will be observed that this is not charging the son with negligence, it is charging the father with negligence, not in a foreign state, but at home. For resultant injuries from such negligence the father would most certainly be liable, wherever the injuries occurred, state lines being no barrier to a recovery. Anno. 68 A. L. R. pp. 1013-1014, **Cleveland v. Owens, 51 Oh Ap, 53, 3 O. O. 516.**

The demurrer will be overruled with exceptions.